In re: FIRST T.D. & INVESTMENT, INC.; Joint Development, Inc., Debtors.

R. Todd Neilson, Chapter 7 Trustee of the Bankruptcy Estate of First T.D. & Investment, Inc. and Joint Development, Inc., Plaintiff–Appellee,

v.

Alpha Financial Corporation; Occidental Mortgage Corporation, Defendants–Appellants.

R. Todd Neilson, Chapter 11 Trustee of the Bankruptcy Estate of First T.D. & Investment, Inc., Plaintiff–Appellee,

v.

Anna P. Jen Kin, Defendant–Appellant.

No. 99–55828, 99–56060.
D.C. No. CV 98–1899 DDP.
Bankr.Adv. No. AD 96–02590 TD.
D.C. No. CV 98–6523 DDP.
Bankr.Adv. No. AD 96–03893 TD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 14, 2000.

Decided June 19, 2001.

Before CANBY, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM *

These two cases are part of four consolidated appeals arising from the bankruptcy proceedings of Debtors, First T.D. & Investment, Inc. ("FTD") and Joint Development, Inc. ("JDI"). All four appeals arise from actions brought by Appellee R. Todd Neilson, appointed trustee for the bankrupt estates ("the Trustee"). We address two of the appeals in a published opinion filed concurrently with this memorandum, *Neilson v. Chang (In re First T.D. & Inv., Inc.)*, 253 F.3d 520 (9th Cir.2001) ("*Chang*"). We address the other two appeals, Nos. 99–55828 and 99–56060, 2001 WL 688232, here.

In *Chang*, we held that California Business & Professions Code § 10233.2 applied to the transactions between FTD and its investors to deem the investors' security interests perfected under California law such that the Trustee could not avoid them under the "strong-arm clause" of 11 U.S.C. § 544.

A. Jen Kin Appeal (No. 99–56060)

Defendant Anna P. Jen Kin, an investor, appeals from the district court's judgment reversing a grant of summary judgment in her favor by the bankruptcy court in an adversary action filed against her by the Trustee, pursuant to 11 U.S.C. § 547(b), to avoid and recover interest and principal

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

payments totaling $14,660.68 made by FTD to Jen Kin within 90 days of the involuntary petition for bankruptcy against FTD.

■ Because § 10233.2 applies to the transactions between FTD and its investors, Jen Kin holds perfected security interests, which the Trustee may not avoid under 11 U.S.C. § 547(b).

Accordingly, we reverse the judgment of the district court and remand with instructions to affirm the bankruptcy court's grant of summary judgment for Jen Kin.

B. Alpha Appeal (No. 99–55828)

Defendants Alpha Financial Corporation and Occidental Mortgage Corporation hold an interest in a trust deed that they indirectly obtained from the FTD investors. They appeal the district court's judgment reversing the bankruptcy court's grant of summary judgment in their favor in an adversary action brought by the Trustee to recover the trust deed.

■ All parties acknowledge that the Trustee has no claim if § 10233.2 applies to the transactions between FTD and its investors. We held in *Chang* that § 10233.2 applies. Accordingly, we reverse the judgment of the district court and remand with instructions to remand to the bankruptcy court for proceedings consistent with our holding in *Chang*.

REVERSED and REMANDED.

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.